IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>JOSEPH HEDLEY, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td>Plaintiffs,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Civil Action No. RDB-14-2935</td></tr>
<tr><td>ABHE & SVOBODA, INC.,</td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

This False Claims Act action was initially filed by Plaintiffs Joseph M. Hedley and Fred A. Rauch, III ("Plaintiffs") against Defendant ABHE & Svoboda, Inc. ("Defendant" or "ASI") in the United States District Court for the Southern District of Illinois. At the time of the initial filing, the Plaintiffs acted as relators on behalf of the United States of America. The United States was the original plaintiff in this action, but withdrew its intervention on January 21, 2014. *See* Order, ECF No. 52. Plaintiffs Hedley and Rauch allege that ASI orchestrated a fraudulent scheme whereby it falsely represented the use of a Disadvantaged Business Enterprise ("DBE") subcontractor in order to receive payments under a government contract. Specifically, the First Amended Complaint (ECF No. 19) alleged violations of the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, and various state law claims.[1]

After the United States District Court for the Southern District of Illinois transferred the action to this Court pursuant to 28 U.S.C. § 1404(a), ASI filed a Renewed Motion to

---

[1] The United States, and not the current Plaintiffs, filed the First Amended Complaint.

Dismiss (ECF No. 76).[2] On July 31, 2015, this Court issued a Memorandum Opinion (ECF No. 84) and Order (ECF No. 85) granting ASI's Motion to Dismiss, dismissing Counts I-III without prejudice, and dismissing Counts IV, V, and VII with prejudice. Of relevance to the pending motion, this Court found that the First Amended Complaint failed to allege with the requisite specificity of Federal Rule of Civil Procedure 9(b) that ASI had knowingly submitted false claims for payment to the government, in violation of the False Claims Act.

Currently pending is Plaintiffs' Motion to Alter or Amend Judgment and For Leave to File Amended Complaint (ECF No. 87). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiffs' Motion to Alter or Amend Judgment and For Leave to File Amended Complaint (ECF No. 87) is GRANTED IN PART and DENIED IN PART. Plaintiffs are permitted to file the Second Amended Complaint at issue. However, as this Court merely dismissed Plaintiffs' claims in its earlier ruling, no judgment exists that this Court could alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.

## BACKGROUND

The present action arises from a contract between Defendant ASI and the Maryland State Highway Administration ("MSHA") for the cleaning and repainting of the Severn River Bridge[3] (the "Contract"). Plaintiffs Joseph Hedley and Fred Rauch were, at all times relevant to this action, officers of Brighton Painting Company ("Brighton"), a participant in

---

[2] Prior to the transfer to this Court, ASI had filed a Motion to Dismiss (ECF No. 33). While that motion was pending, the United States moved to withdraw its intervention, and the district court granted the withdrawal. *See* Mot. to Withdraw Intervention, ECF No. 50; Order, ECF No. 52. Plaintiffs chose to continue to pursue the subject action after the Government's withdrawal. The district court held a hearing on ASI's Motion to Dismiss on July 7, 2014 (ECF No. 62). That court dismissed with prejudice the unjust enrichment claim (Count VI), and transferred the action to this Court. *See* Minute Entry, ECF No. 62; Order, ECF No. 63.
[3] The Severn River Bridge is officially named the "Pearl Harbor Memorial Bridge."

the alleged scheme. On April 25, 2006, MSHA invited the submission of bids to clean and repaint the Severn River Bridge. ASI then submitted a bid proposal to MSHA stating that it intended to achieve MSHA's required fifteen percent DBE participation requirement by employing Northeast Work and Safety Boats, LLC ("NWSB"), a certified Women-Owned Business Enterprise ("WBE"), as a subcontractor. On the basis of ASI's representations in its proposal, MSHA awarded the Contract to ASI on July 21, 2006.

The Contract, pursuant to the Disadvantaged Business Enterprise ("DBE") participation requirement, required ASI to utilize at least fifteen percent of the federal government dollars on goods and services performed by a DBE. Instead of complying with this DBE participation requirement, ASI allegedly represented that NWSB performed certain work that was actually performed by Brighton. Plaintiffs claim that, under the alleged scheme, ASI paid NWSB eight percent of the government funds ASI received under the Contract, even though NWSB did not perform any "commercially useful function" as mandated by the DBE participation goal. In furtherance of the scheme, ASI allegedly submitted many false documents that were allegedly prerequisites to any payments by the Government to ASI. ASI completed its cleaning and repainting of the Severn River Bridge on July 17, 2008.

<u>ANALYSIS</u>

As a preliminary matter, Hedley and Rauch ask this Court to vacate its "judgment" dismissing Counts I-III without prejudice as a necessary prerequisite to the filing of the Second Amended Complaint. Yet, Plaintiffs misconstrue the posture of this Court's Order of July 31, 2016. When a plaintiff seeks to file an amended complaint post-judgment, the

district court must first vacate that judgment before permitting the requested filing. *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). In this case, this Court did not enter a judgment in favor of either party, instead merely dismissing Counts I-III without prejudice (and the uncontested Counts IV, V, and VII with prejudice). As such, no judgment even exists that this Court could alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure.

Turning next to Plaintiffs' request to file the proffered Second Amended Complaint, Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to file an amended complaint "shall be freely given when justice so requires." This "liberal rule" reinforces the "federal policy in favor of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). As noted by the United States Court of Appeals for the Fourth Circuit, Rule 15(a) ensures that the "plaintiff [is] given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)).

The "liberal rule" of Rule 15(a), however, is not absolute. A court may deny leave to file an amended complaint when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*,

371 U.S. 178, 182 (1962)). Delay alone may not serve as the basis for denying a plaintiff's motion. *Oroweat Foods Co.*, 785 F.2d at 509. Rather, any claimed delay "must be accompanied by prejudice, bad faith, or futility." *Id.*at 510 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). A court must consider the "nature of the amendment and the timing," as the "further the case progresse[s] before judgment [is] entered, the more likely it is that the amendment will prejudice the defendant or that a court will find bad faith on the plaintiff's part." *Laber*, 438 F.3d at 427.

In this case, the "liberal rule" of Rule 15(a) counsels in favor of allowing the Plaintiffs to file the Second Amended Complaint. First, permitting this filing does not foreclose any rights of the Defendant to contest the Second Amended Complaint. ASI is free to move to dismiss pursuant to Rule 12(b)(6), or pursue any other courses available under the Federal Rules of Civil Procedure. Although ASI, as the Defendant in this action, certainly desires finality, that wish does not amount to prejudice under Rule 15(a). Indeed, this action was transferred to this Court for ASI's, and not the Plaintiffs', convenience under 28 U.S.C. § 1404(a). ASI's actions have thus *contributed* to the length of this litigation. Even further, if this Court denied leave to file the Second Amended Complaint, Plaintiffs have a right to file a new action. This litigation will thus continue, whether in the present action or a new action. Rather than expend the judicial resources given to a new action, the filing of the Second Amended Complaint will encourage the resolution of this case on its merit. *See Laber*, 438 F.3d at 426.

Second, this Court can discern no evidence that Plaintiffs acted in bad faith by seeking to file this amendment. In their Response in Opposition to ASI's Renewed Motion

to Dismiss, Hedley and Rauch asserted that they would seek to file an amended complaint if this Court dismissed any claims without prejudice. As the Government, and not Hedley and Rauch, drafted the First Amended Complaint, Plaintiffs sought the opportunity to supplement the allegations with further details. Prior to the transfer of the action to this Court, the sole count to have received any substantive review was Count VI, which the district court dismissed with prejudice. *See* Minute Entry, ECF No. 62; Order, ECF No. 63. This Court's review of Counts I-III was thus the first time that a court considered the sufficiency of the relevant pleadings. After this Court ordered the dismissal of Counts I-III without prejudice, Plaintiffs promptly filed the pending Motion. By filing the present Motion, Plaintiffs are simply acting as they had promised in their earlier submission.

Finally, the Second Amended Complaint is not a futile effort to prolong this litigation unnecessarily. To state a claim under the False Claims Act, a plaintiff must plead "(1) that the defendant made a false statement or engaged in a fraudulent course of conduct; (2) such statement or conduct was made or carried out with the requisite scienter; (3) the statement or conduct was material; and (4) the statement or conduct caused the government to pay out money or to forfeit money due." *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.,* 352 F.3d 908, 913 (4th Cir. 2003) ("*Harrison II*"). In dismissing Plaintiffs' claims, this Court identified several deficiencies in the pleadings necessitating dismissal. For example, the First Amended Complaint did not allege with the requisite specificity of Rule 9(b) that ASI made or submitted false claims to the Government for payment. The Second Amended Complaint, however, addresses this deficiency by identifying the false documents at issue,

and explaining precisely how the false statements were necessary to obtain payment under the contract. *See, e.g.*, Second Amend. Compl. ¶¶ 34-46, 62-65, 78-79, ECF No. 87-3.

A second deficiency identified by this Court was the First Amended Complaint's failure to allege the materiality of the alleged false statements to any payments issued by the Government. Under the False Claims Act, the materiality of a false statement or conduct "turns on whether the false statement has a natural tendency to influence agency action or is capable of influencing agency action. *United States ex rel. Berge v. Bd. of Tr. of Univ. of Ala.*, 104 F.3d 1453, 1460 (4th Cir. 1997). Materiality does not look to whether the false statements actually influenced agency action, but rather whether the statements are "capable" of having such an influence. *Harrison II*, 352 F.3d at 916-17. The Second Amended Complaint alleges with specificity that ASI's continued certification of compliance with the DBE participation requirement induced the Government to pay the claims. According to the Second Amended Complaint, if a contractor failed to comply with the DBE participation requirement, then the contractor materially breached its contract with the Government. *See* Second Amend. Compl. ¶¶ 17, 48. This Court notes that futility may serve as the basis for denying an amendment only where the proposed amendment is clearly insufficient or frivolous on its face. *Oroweat Foods*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613). Given the considerable increase in specific details supporting Plaintiffs' allegations, this Court cannot conclude that the Second Amended Complaint is frivolous.

In the absence of prejudice, bad faith, and futility, Rule 15(a) encourages district courts to permit the filing of an amendment "when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, Plaintiffs will be permitted to file the Second Amended Complaint.

CONCLUSION

For the foregoing reasons, it is this 1st day of February, 2016 HEREBY ORDERED that:

1. Plaintiffs' Motion to Alter or Amend Judgment and For Leave to File Amended Complaint (ECF No. 87) is GRANTED IN PART and DENIED IN PART. Plaintiffs are permitted to file the Second Amended Complaint at issue. However, as this Court merely dismissed Plaintiffs' claims in its earlier ruling, no judgment exists that this Court could alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure; and

2. The Clerk of the Court transmit copies of this Memorandum Order to Counsel.


/s/
Richard D. Bennett
United States District Judge